**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 21-385-7 |
| NEIL HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is a Motion to Conduct a Detention Hearing and/or Modify Detention (Docket No. 1106) filed by Defendant Neil Harris ("Defendant"), which is opposed by the Government.   (Docket No. 1125).   After careful consideration of the parties' positions, Defendant's Motion will be denied.

**I.      PROCEDURAL HISTORY**

On August 31, 2021, Defendant and 23 others were charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute 400 grams or more of fentanyl, 280 grams or more of crack cocaine, a quantity of cocaine, a quantity of heroin and/or a quantity of fluorofentanyl, in violation of 21 U.S.C. § 846.  (Docket No. 3).  Defendant made an initial appearance on September 9, 2021, and he was arraigned on September 14, 2021, at which time he pled not guilty to the charge, waived a detention hearing, and he was ordered to be detained pending trial.  (Docket Nos. 78, 225, 226, 229, 230).

Subsequently, Defendant moved for a detention hearing, which was held before Magistrate Judge Patricia Dodge on April 27, 2022.  (Docket Nos. 697, 710).  Magistrate Judge Dodge found by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community if Defendant was to be released, and

1

ordered that he remain detained pending trial.  (Docket No. 711 at 2, 3).  Defendant did not request review of Magistrate Judge Dodge's detention order by the District Court under 18 U.S.C. § 3145(b).[1]

On August 31, 2022, pursuant to a plea agreement, Defendant pled guilty to a lesser included offense at Count One of the Indictment, that is, conspiracy to possess with intent to distribute and distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, and a quantity of a mixture and substance containing a detectable amount of fentanyl, contrary to the provisions of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 841(b)(1)(C), in violation of 21 U.S.C. § 846.  (Docket Nos. 873, 875).  The Court set sentencing to occur on January 10, 2023, but Defendant subsequently moved to continue the sentencing hearing, and it was rescheduled on April 11, 2023.  (Docket Nos. 876, 1016, 1018).

On December 16, 2022, Defendant filed the pending Motion in which he requests a second detention hearing and ultimately that he be released pending sentencing.  (Docket No. 1106).  The Government filed its response in opposition on December 28, 2022.  (Docket No. 1125). Accordingly, Defendant's Motion is now ripe for disposition.

II.   **ANALYSIS**

At this stage of the proceedings, Defendant is subject to mandatory detention pending sentencing pursuant to § 3143(a)(2) of the Bail Reform Act.  As relevant here, that provision mandates that a defendant who has been found guilty of a controlled substance offense for which the maximum term of imprisonment is ten years or more must be detained pending imposition or

---

[1]      Pursuant to § 3145(b), a person who is ordered detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  18 U.S.C. § 3145(b).

execution of sentence unless: (1) the Court finds there is a substantial likelihood that a motion for acquittal or a new trial will be granted __or__ Government counsel recommends that no sentence of imprisonment be imposed on the person; __and__ (2) the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.  *See* 18 U.S.C. § 3143(a)(2)(A) and (a)(2)(B) (emphasis added).

In arguing for release pending sentencing, Defendant ignores the first requirement of § 3143(a)(2) and focuses only on the second, requesting a hearing to present evidence that he is not likely to flee or present a danger to the community.  (*See* Docket No. 1106, ¶¶ 5, 6).  Even if Defendant were able to present such evidence, he plainly does not qualify for release pending sentencing under § 3143(a)(2) because the controlled substance offense to which he pled guilty carries a maximum term of forty years' imprisonment, (*see* 21 U.S.C. § 841(b)(1)(B)(iii)), and there is no argument for acquittal, nor does the Government recommend that no sentence of imprisonment be imposed on Defendant.  (*See* Docket No. 1125 at 4) (stating that "the Government intends to seek a sentence of imprisonment" in this case).

Moreover, Defendant previously had a detention hearing in this case, at which time Magistrate Judge Dodge found by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community if Defendant was to be released.  (Docket No. 711 at 2).  Defendant identifies no basis pursuant to which the detention hearing could be reopened[2] at this time, nor is he able to do so given the procedural

---

2       A detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2)(B).  "[T]his statute does not authorize a *de novo* hearing. It only authorizes the Court to reopen the record for the submission of previously unknown information."  *United States v. Irving*, 2:20-CR-00121-SLH-13, 2022 WL 170042, at *2 (W.D. Pa. Jan. 18, 2022).  Even if the detention hearing could be reopened, which it cannot for reasons explained herein, Defendant points to no new information in his Motion that would warrant reopening.

posture of this case.  Defendant has pled guilty, and he did not contest the Court's order at the conclusion of his change of plea hearing that he remain detained pending sentencing (nor could he have done so given the requirements of § 3143(a)(2) as discussed above).  As another court in this District has observed, "[i]n similar situations, courts have ruled that the issue of detention may not be re-opened."  *United States v. Jones*,  452 F. Supp. 3d 258, 261 (W.D. Pa. 2020) (citing *United States v. Thomason*, 449 F. Supp. 3d 877, 879 (D. Minn. 2019) ("Thomason's plea of guilty functions as an adjudication of guilt akin to a jury's finding at trial.  Accordingly, Thomason's post-plea motion to reopen the detention hearing was not brought 'before trial,' and therefore cannot be considered under § 3142(f)(2)."); *United States v. Alston*, No. 1:13CR431-1, 2014 WL 701518, at *1 (M.D.N.C. Feb. 24, 2014) ("[B]ecause the defendant has pleaded guilty, he no longer retains a right to reopen his detention hearing.") (citing 18 U.S.C. § 3142(f) (limiting option for reopening detention hearing to "time before trial")); *see also* Fed. R. Crim. P. 46(a), (c) (stating that § 3142, together with § 3144, "govern[s] pretrial release" but § 3143 "govern[s] release pending sentencing")).

Furthermore, Defendant does not contend in his Motion that he is eligible for release under 18 U.S.C. § 3145(c),[3] which may permit release upon a finding of exceptional reasons.[4]  To that

---

[3]     Under § 3145(c), a defendant subject to detention pursuant to § 3143(a)(2), who meets the conditions of release set forth in § 3143(a)(1), "may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  18 U.S.C. § 3145(c).  To meet the conditions of § 3143(a)(1), the judicial officer must find by "clear and convincing evidence" that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released.

[4]     "[T]he Third Circuit Court of Appeals has not addressed whether a district court has the discretionary authority to apply 18 U.S.C. § 3145(c) and courts in this District have reached conflicting determinations on the issue." *United States v. Porter*, 442 F. Supp. 3d 903, 906 (W.D Pa. 2020).  The minority view on this issue is that "the plain language of § 3145(c), and the overall structure of § 3145, does not authorize the district court to release a defendant for exceptional reasons because the statute is applicable only on appeals from release or detention orders."  *Id.* (citing *United States v. Salome*, 870 F. Supp. 648, 652-53 (W.D. Pa. 1994)).  The majority view on this issue is that, based on the plain meaning of the statute, legislative history, the weight of appellate and district court authority, and pragmatic considerations, "the district court has discretionary authority under § 3145(c) to determine whether exceptional reasons exist to release a defendant from custody pending sentencing."  *Id.* (citing *United States v. Smith*, 34 F. Supp. 3d 541, 547, 552 (W.D. Pa. 2014)).  Given that Defendant does not argue for relief pursuant to § 3145(c),

end, Defendant has not alleged in his Motion, let alone clearly shown, that exceptional reasons exist to warrant his release pending sentencing. *See Smith*, 34 F. Supp. 3d at 553 ("The burden is on Defendant to show by clear and convincing evidence why her detention would not be appropriate based on exceptional reasons.") (citation omitted). Generally, "exceptional requires something 'out of the ordinary' to distinguish the defendant's case from those of [other defendants] subject to mandatory detention." *Id.* (quoting *Salome*, 870 F. Supp. at 653). "Most courts have defined 'exceptional' under § 3145(c) as 'clearly out of the ordinary, uncommon, or rare.' " *Id.* (citations omitted). Even if Defendant had sought relief under § 3145(c), the Court notes that nothing in the record suggests that there are exceptional reasons here to warrant Defendant's release pending sentencing.[5]

III.   **CONCLUSION**

For the reasons detailed herein, the Court concludes that Defendant has not shown that he meets the requirements of 18 U.S.C. §§ 3143(a)(2) or 3145(c) for release pending sentencing. Accordingly, Defendant's Motion is denied, and he shall remain detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).

An appropriate Order follows.

---

this Court need not explicitly decide whether it has the authority to apply that provision.

[5]      To the extent Defendant would attempt to proffer personal or family circumstances as presenting an exceptional circumstance, "[m]ost courts agree that 'purely personal' circumstances do not typically rise to the level of exceptional." *Smith*, 34 F. Supp. 3d at 554; *see also United States v. Castro*, Crim. No. 15-362, 2016 WL 3446660, at *3 (E.D. Pa. June 23, 2016) (noting that mere personal reasons, including caring for a family or maintaining employment, are not exceptional reasons). " '[I]ncarceration regrettably inflicts family hardship on many, if not most, defendants,' [thus] family hardships will not ordinarily constitute exceptional reasons for release pending sentencing." *Smith*, 34 F. Supp. 3d at 554 (quoting *United States v. Burnett*, 76 F. Supp. 2d 846, 849 (E.D. Tenn. 1999)). As the district court aptly noted in *Burnett*, if personal hardships qualified to prevent detention, "then inevitably defendants committing the same offenses would be treated disparately for reasons unrelated to their crimes or personal character." 76 F. Supp. 2d at 850. For instance, "[a] drug trafficker with no family would immediately go to jail while a drug trafficker convicted of the same offense with a family would remain on bail." *Id.* This Court agrees that such disparity "would be contrary to the goals of the federal criminal legal system and would not be a desirable objective of a just system of law." *Id.*

**<u>ORDER OF COURT</u>**

AND NOW, this 9th day of January, 2023, for the reasons set forth in the Memorandum

above, IT IS ORDERED that Defendant's Motion to Conduct a Detention Hearing and/or Modify

Detention (Docket No. 1106) is DENIED.

_s/ W. Scott Hardy_
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record